IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM McGREW, #10102, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:11-CV-3559-M (BK) |
| § | | |
| § | | |
| DAVID DUKE, Wichita County Sheriff, § | | |
| Respondent. § | | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions and recommendation. For the reasons that follow, it is recommended that Petitioner's habeas corpus petition be summarily **DENIED**.

I.  BACKGROUND

Petitioner, a state pretrial detainee confined at the Wichita County Detention Center in Wichita Falls, Texas, filed a *pro se* petition for writ of habeas corpus, naming as Respondent Wichita County Sheriff David Duke. (Doc. 4 at 1.) The Court did not issue process pending preliminary screening, but issued a deficiency order and a questionnaire to obtain information about the factual basis of the petition. Petitioner answered the questionnaire and paid the $5 filing fee. Subsequently, Petitioner was transferred to the North Texas State Hospital in Vernon, Texas, where he is presently confined.[1]

---

[1] The habeas petition was initially filed in *McGrew v. Duke*, No. 3:11-CV-1930-M. However, because Petitioner repeatedly challenged the denial of unrelated civil rights claims, the Court closed the case and severed the habeas claims to be addressed in this new action. (Doc. 1.)
    In addition, while the petition was filed on the form for seeking habeas relief under 28 U.S.C. § 2254, the Court liberally construes it, for the reasons set out below, as a habeas petition

Petitioner is presently confined in relation to a grand jury indictment, returned on July 20, 2011, in *State v. McGrew*, No. 51256 (Wichita County), charging him with aggravated assault. (Doc. 4 at 1; Doc. 5, Ans. 2.) On October 3, 2011, the trial court found Petitioner incompetent to stand trial and committed him to a state hospital for treatment for a period not to exceed 120 days.[2]

Although the habeas petition is very difficult to decipher, Petitioner apparently contends, *inter alia*, that (1) he had a right to an examining trial before indictment by the grand jury, (2) he was indicted without due process of law, (3) the State lacked probable cause to bring his case before the grand jury, and (4) his rights were violated in connection with his pending criminal prosecution. (Doc. 4 at 6-7.) Prior to filing this action, Petitioner submitted a state habeas application challenging the denial of an examining trial. (Doc. 4 at 8; Doc. 5, Ans. 3.) The Texas Court of Criminal Appeals, however, denied the state application. *See Ex parte McGrew*, No. WR-73,038-02 (Tex. Crim. App. Sep. 7, 2011).

## II. DISCUSSION

In light of his *pro se* status, the Court liberally construes the petition to request pretrial habeas relief under 28 U.S.C. § 2241(c), which applies to a person in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). Section 2241(c) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3) [h]e is in

---

under 28 U.S.C. § 2241.

[2] The above information was verified through telephone contact with the Wichita Court District Clerk's office.

custody in violation of the constitution or laws or treaties of the United States."

Petitioner's filings do not present a federal constitutional claim. Insofar as he asserts that his criminal charges are not based on probable cause, his claim lacks merit. Petitioner concedes that the grand jury returned an indictment in his state criminal case on July 20, 2011. (Doc. 5, Ans. 2.) It is well established that an indictment constitutes a final determination of the existence of probable cause in a criminal case. *See Gerstein v. Pugh*, 420 U.S. 103, 117 n. 19 (1975) (indictment "conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry"); *In re Grand Jury Subpoena Dated December 17, 1996*, 148 F.3d 487, 493 (5th Cir. 1998) ("In returning . . . an indictment a grand jury indicates that it has found probable cause to believe that a criminal offense has occurred.").

In addition, the United States Constitution does not guarantee either a preliminary hearing or an examining trial before indictment. *See Siwakowski v. Beto*, 455 F.2d 915, 916 (5th Cir. 1972) (*per curiam*) (holding referral of case to grand jury without an examining trial was constitutionally permissible); *Richardson v. State of Texas*, 425 F.2d 1372, 1373 (5th Cir. 1970) (examining trial is creation of state law, denial of which presents no federal question). Moreover, under Texas law, a defendant loses his right to an examining trial upon the return of an indictment. *See Tarpley v. Estelle*, 703 F.2d 157, 162 (5th Cir. 1983) (noting that "the return of a true bill by the grand jury satisfies the principal purpose and justification for such a preliminary hearing-that there is probable cause to believe the accused committed the crime charged"); *State v. Salinas*, 784 S.W.2d 421, 427 (Tex. Crim. App. 1990) (*en banc*) ("It has never been and is not now the law in this state that an adult accused is entitled to an examining trial before the case may be presented to a grand jury. Due process considerations are not

implicated since the primary purpose for the examining trial, a determination of probable cause, is at least as timely accomplished by presenting evidence directly to the grand jury.").[3] Therefore, because Petitioner cannot show that his confinement is in violation of the United States Constitution, his petition should be denied.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus, under 28 U.S.C. § 2241, be summarily **DENIED**.

SIGNED January 23, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] Texas Code of Criminal Procedure Art. 16.01 provides that "[t]he accused in any felony case shall have the right to an examining trial before indictment in the county having jurisdiction of the offense, whether he be in custody or on bail . . . ."

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE